UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DONALD WAYNE MARTIN,

Plaintiff,

v.

Warden CONNIE ROEHRICH,
Officer CLIFFORD, and
Officer OLSON,

Defendants.

Civil File No. 07-1777 (MJD/SRN)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Minnesota Correctional Facility at Faribault, Minnesota, ("MCF-Faribault"), has filed a complaint seeking compensation for injuries that he allegedly suffered while in prison. (Docket No. 1.) Plaintiff did not pay the full $350.00 filing fee for this action when he filed his complaint, (see 28 U.S.C. § 1914(a)), but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff has already paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1), so the IFP application, and Plaintiff's complaint, can properly be considered at this time.

This matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that this action must be summarily dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff's complaint consists of two parts – a form complaint that is to be used for prisoner lawsuits, (Docket No. 1), and a separate "Statement of Claim," (Docket No. 4). The factual allegations on which Plaintiff's claims are based are set forth in the Statement

of Claim.

Plaintiff alleges that during the morning of June 15, 2005, an "Inmate House Crew was either stripping or washing the floor," outside of his prison room. Plaintiff took a few steps out of his room, and suddenly slipped and fell. He hit his head on the floor, and heard "a loud pop."

The correctional officer who was in charge of the area, Defendant Olson, summoned some other officers to the scene, as well as some prison medical personnel. One of the officers who came to assist Plaintiff was Defendant Clifford. The medical personnel allegedly told the officers to pick up Plaintiff and put him in a wheelchair. After that was accomplished, Plaintiff was taken to the prison's medical center. He was later taken to a hospital for further evaluation. X-rays allegedly show that Plaintiff suffered multiple "compression fractures" of his "lumbar spine."

After Plaintiff was released from the hospital, he was transferred to the Minnesota Correctional Facility at Oak Park Heights, Minnesota, for "medical observation." He returned to MCF-Faribault about a week later.

Plaintiff alleges that his back injuries have been treated with medication and physical therapy. He apparently believes that he will continue to need such treatment indefinitely. Plaintiff allegedly must "use a cane to walk long distances and cannot walk straight." He expects to suffer from pain and muscle spasms in his back for the rest of his life.

Plaintiff now claims that certain unnamed prison employees were negligent because (a) they did not properly supervise the inmates who allegedly were working on the floor where he slipped and fell, and (b) they failed to warn Plaintiff about the work that was being done on the floor. He further claims that immediately after he fell, certain unnamed prison

employees improperly lifted him up and placed him in a wheelchair. According to the Statement of Claim, "Due to all the above negligence by Medical and MCF-Faribult [sic] Staff, Petitioner feels that Staff may have made his injuries worse."

Plaintiff is now attempting to sue Officers Olson and Clifford, as well as Connie Roehrich, the Warden at MCF-Faribault. In his final summary of the "Relief" he is seeking, Plaintiff states that "Due to permanent injury and negligence of MCF-Faribault Staff, Petitioner requests that he be paid the sum of $75,000.00, all legal fees incurred to secure the above monies and open medical on his back injuries due to the above negligence of MCF-Staff."

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). For this reason, Fed. R. Civ. P. 8(a) requires that every complaint filed in federal court "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...." Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (Emphasis added.)

In this case, Plaintiff's complaint does not contain any statement showing the existence of federal subject matter jurisdiction; and after carefully reviewing the file, the Court finds that subject matter jurisdiction does not exist here.[1]

---

[1] The civil cover sheet submitted with Plaintiff's complaint indicates that subject matter jurisdiction supposedly exists in this case because the Plaintiff is the "U.S. Government." That obviously is not true, (Plaintiff is not the "U.S. Government"), so the purported ground for exercising subject matter jurisdiction, as shown on the civil cover

The Court initially notes that Plaintiff's claims for relief are not based on any federal law that would provide subject matter jurisdiction under 28 U.S.C. § 1331 – the "federal question" statute.[2] Although the caption of Plaintiff's complaint form suggests that he is seeking relief under 42 U.S.C. § 1983, he clearly has not stated a cause of action under that statute. To state an actionable § 1983 claim, a complainant must allege facts showing that the named defendants violated the claimant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this case, Plaintiff's complaint does not include any mention of the Constitution, and there are no allegations suggesting that any of the named Defendants violated Plaintiff's federal constitutional rights in any way.

Indeed, it plainly appears that Plaintiff is seeking relief based on a state common law tort theory – namely negligence. The word "negligence" is used repeatedly in the complaint. Furthermore, Plaintiff is clearly contending that he was injured because someone failed to exercise reasonable care – which is the fundamental essence of a negligence claim.[3]

---

sheet, is plainly invalid.

[2] Under 28 U.S.C. § 1331,"[t]he [federal] district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] The Court notes that Plaintiff has not alleged that any of the three named Defendants failed to exercise reasonable care; he has alleged only that some unidentified "MCF-staff" failed to exercise reasonable care. According to the complaint, Defendant Olson merely called for help after Plaintiff fell, and Defendant Clifford merely responded to the call for help. These alleged actions, by these two Defendants, certainly do not appear to be actionable negligence. The third named Defendant, Warden Roehrich, is not even mentioned in any of the substantive allegations of the complaint. Thus, the Court has grave doubts about whether Plaintiff has actually pleaded an actionable negligence claim against any of the three named Defendants.

Because negligence is a common law tort cause of action, which does not implicate any federal question, a negligence claim cannot be brought in federal court, unless federal subject matter jurisdiction exists under the diversity of citizenship statute, 28 U.S.C. § 1332.[4] In this case, there is no suggestion that Plaintiff and Defendants reside in different states. In fact, the civil cover sheet submitted with Plaintiff's complaint indicates that Plaintiff and each of the three Defendants all reside in the same state – namely Minnesota. Therefore, subject matter jurisdiction obviously cannot exist under the diversity of citizenship statute.[5]

In sum, the Court finds that Plaintiff has not shown any grounds, under either the federal question statute, (§ 1331), or the diversity of citizenship statute, (§ 1332), which would allow a federal court to exercise subject matter jurisdiction in this case. The Court must therefore recommend that this action be summarily dismissed pursuant to Fed. R. Civ. P. 12(h)(3), and that Plaintiff's IFP application be denied.

---

[4] Section 1332(a) provides that:

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."

[5] The Court further notes that Plaintiff is seeking only $75,000.00 in damages, so he has not met § 1332's "amount in controversy" requirement. See Golden ex rel. Golden v. Golden, 382 F.3d 348, 354 (3rd Cir. 2004) ("[w]here a federal cause of action is based on diversity jurisdiction, the complaint must allege an amount in controversy between the parties in excess of the statutory minimum" of $75,000.00).

Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350.00 filing fee for this case.[6] To date, he has paid only $24.74. The remaining balance of the fee, which is $325.26, will have to be deducted from Plaintiff's prison trust account and paid to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Finally, in light of the Court's determination that this case must be summarily dismissed for lack of subject matter jurisdiction, it will also be recommended that Plaintiff's two pending collateral motions – i.e., his "Motion To Subpoena And Depose Defense Witnesses," (Docket No. 6), and his "Motion For Counsel," (Docket No. 7) – be summarily denied.

### III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. This action be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction;

2. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2),

---

[6] Under the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

be **DENIED**;

      3.  Plaintiff's "Motion To Subpoena And Depose Defense Witnesses," (Docket No. 6), be **DENIED**;

      4.  Plaintiff's "Motion For Counsel," (Docket No. 7), be **DENIED**; and

      5.  Plaintiff be required to pay the unpaid balance of the statutory filing fee, namely $325.26, in accordance with 28 U.S.C. § 1915(b)(2).

Dated: April 6, 2007

                                               s/ Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 23, 2007** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.